1

2   **COMP**
    RELIANCE LAW FIRM, LLC
3   Rulon J. Huntsman, Esq.
    NV Bar # 968
4   2325 Burnham Avenue
    Las Vegas, Nevada 89104
5   (702) 300-0928

6

7

8                    **UNITED STATES DISTRICT COURT**
9                        **DISTRICT OF NEVADA**

10
    RONALD G. WAYNE, an individual and one    )    Case No.:
11  of the original co-founders of the Apple       )
    Computer Company,                              )    **COMPLAINT FOR:**
12                                                 )      Fraud
13                    Plaintiff(s),                )      Fraud in the Inducement
    v.                                             )      Breach of Contract
14                                                 )      Unjust Enrichment
                                                   )      Elder Exploitation under NRS 41.1395
15  JOANN COFFEY, an individual;                   )      Conversion
    KGU INTERNATIONAL LLC, a Florida               )      Declaratory Relief
16  Foreign LLC; and                               )      Rescission of Contract
    KGU INTERNATIONAL LLC, a Wyoming               )      Intentional Infliction of Emotional Distress
17  Domestic LLC,                                  )      Civil Conspiracy
18  JC COFFEY FOUNDATION, INC., a Florida          )          **JURY TRIAL DEMANDED**
    Domestic Nonprofit Corporation                 )    DATE: _____
19                    Defendant(s).                )    TIME: _____
20                                                 )    DEPT: _____

21          Comes now, Ronald G. Wayne, Plaintiff herein, by and through his attorney Rulon J.

22  Huntsman, Esq. and for causes of action against Defendants alleges as follows:

23                              **I. INTRODUCTION**

24      1.   Plaintiff Ronald Gerald Wayne is a Nevada resident and one of the original co-founders

25           of the Apple Computer Company. He is ninety-one years old and is a vulnerable adult

26           under Nevada law. Plaintiff possesses historically significant documents, artifacts, and

27

28

                                        -1-

intellectual property relating to the formation and early development of Apple Computer Company.

2. Defendant Joann Coffey is an individual residing in Florida. She claims to operate entities known as KGU International LLC and JC Coffey Foundation, Inc., which she presents as AI consulting and nonprofit organizations.

3. During a nearly month-long period in which Plaintiff financed Defendant's travel and accommodations, Defendant repeatedly represented to Plaintiff that she operated a well-established Florida-based AI company capable of building a professional AI avatar of Plaintiff, securing investors and donors, creating digital legacy systems, producing NFTs, and promoting Plaintiff's book and legal efforts.

4. Defendant's representations were false. Defendant had no meaningful infrastructure, delivered no functional AI avatar, developed no NFT marketplace, secured no investors or donors, and produced no substantive work of value for Plaintiff.

5. Relying on Defendant's misrepresentations, Plaintiff provided Defendant access to his personal affairs, business planning, historical materials, and future strategy concerning his digital legacy and efforts to clarify his historical contributions to Apple Computer Company.

6. Defendant exploited Plaintiff's trust, age, and reputation. Defendant used Plaintiff's Nevada home address for her own business filings without consent, attempted to establish a Nevada business footprint in Plaintiff's name, introduced unvetted individuals into the residence of Plaintiff's advisor, and proposed alarming relocation and identity altering measures that caused Plaintiff fear and severe emotional distress.

7. Plaintiff brings this action to recover damages for fraud, elder exploitation, breach of contract, unjust enrichment, and related claims, and seeks immediate injunctive relief to

prevent further misuse of Plaintiff's identity, likeness, address, materials, and digital persona.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. section 1332 because Plaintiff is a citizen of Nevada, Defendants are citizens or entities of other states, and the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs.

9. Defendant Joann Coffey is a citizen of Florida. Defendant KGU International, LLC, a Florida Foreign LLC, is organized under the laws of Florida and was originally formed in Wyoming. Defendant KGU International LLC, a Wyoming Domestic LLC, is organized under the laws of Wyoming. Defendant JC Coffey Foundation, Inc. is a Florida Domestic nonprofit corporation.

10. Venue is proper in the District of Nevada under 28 U.S.C. section 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Defendant Coffey:

a. Traveled to Nevada and remained in Plaintiff's advisor's home during the Bitcoin 2025 Conference period;

b. Used Plaintiff's Nevada home address for business purposes without authorization;

c. Met with state officials at the Workforce Nevada office located at 2190 East Calvada Boulevard, Pahrump, Nevada 89048, in an effort to establish her business presence in Nevada;

d. Directed unvetted individuals, including Drake Paulsen, into the North Las Vegas home of Plaintiff's advisor; and

e. Engaged in conduct that caused harm to Plaintiff in Nevada.

11. This Court is the proper venue for adjudication of all claims asserted in this Complaint.

### III. PARTIES

12. Plaintiff Ronald G. Wayne is an individual residing in Pahrump, Nevada. He is ninety-one years old and is a vulnerable adult within the meaning of Nevada law. Plaintiff is one of the original co-founders of the Apple Computer Company.

13. Defendant Joann Coffey is an individual residing in the State of Florida. At all relevant times, Defendant Coffey held herself out as an AI consultant operating business entities connected to artificial intelligence, digital assets, and nonprofit activity.

14. Defendant KGU International LLC, a Wyoming Domestic LLC, is a limited liability company formed in Wyoming on February 10, 2023. Its listed principal and mailing office is 30 North Gould Street, Suite R, Sheridan, Wyoming 82801. Defendant Coffey is its manager and controlling member.

15. Defendant KGU International LLC, a Florida Foreign LLC, is a foreign limited liability company registered with the Florida Department of State on June 27, 2025, under Document Number M25000009314. Its listed principal address is 28 Flagler Street, Miami, Florida 33130, with a mailing address of 106 North Federal Highway, Suite N150, Fort Lauderdale, Florida 33301. Defendant Coffey is its registered agent and manager.

16. Defendant JC Coffey Foundation, Inc. is a Florida Domestic nonprofit corporation formed and controlled by Defendant Coffey. Its principal address is listed as 28 Flagler Street, Miami, Florida 33130.

17. At all relevant times, Defendant Coffey dominated, controlled, and directed both KGU International LLC entities and JC Coffey Foundation, Inc., and used them as

instruments of her personal conduct. Defendant Coffey acted through these entities for the purpose of carrying out the acts and omissions described in this Complaint.

18. References in this Complaint to "Defendant" refer to Defendant Joann Coffey individually and to the entities she controls, unless the context requires otherwise.

## IV. FACTUAL ALLEGATIONS

A. Defendant's Initial Representations and the Avatar Promise

19. In January 2025, during the Consumer Electronics Show in Las Vegas, Defendant met Plaintiff and Plaintiff's advisor. Defendant presented a basic AI avatar prototype of Plaintiff that she stated was generated from a single still photograph.

20. Defendant represented that this prototype was only an early demonstration and that she possessed the capability to produce a fully trained, professionally engineered AI avatar that could effectively substitute for Plaintiff in digital environments. Defendant stated that such an avatar would allow millions of people to learn about Plaintiff who would never have the opportunity to meet him in person.

21. Defendant further represented that she had access to AI engineers, coders, a professional development team, media contacts, wealthy investors, and legal professionals who would support Plaintiff's book promotion and legal efforts, including efforts related to Plaintiff's historic ten percent ownership interest in Apple Computer Company.

22. Defendant claimed she had the technical infrastructure, personnel, and capital relationships necessary to create a digital legacy platform for Plaintiff, produce Non Fungible Token based digital assets, secure publicity and media coverage, and generate significant revenue to support Plaintiff's long term goals.

23. Plaintiff and his advisor relied on these representations when they agreed to begin planning an AI avatar project, NFT based digital legacy system, and related promotional efforts with Defendant.

24. Defendant's representations were false. Defendant did not possess the infrastructure, personnel, or financial capacity she claimed. Defendant delivered no functional AI avatar, no trained digital system, no meaningful technical output, and no progress toward investors, donors, media partnerships, or NFT development.

B. Business Activities in Nevada

25. In May 2025, Defendant Coffey traveled to Las Vegas, Nevada for the Bitcoin 2025 Conference and remained in Nevada for additional days at the North Las Vegas residence of Plaintiff's advisor. During this period, all lodging, meals, transportation, and incidental expenses for Defendant and her AI consultant, Mr. Imi Kim, were paid by Plaintiff and his advisor.

26. During her stay, Defendant Coffey stated her intention to establish a Nevada business presence that she claimed would be tied to Plaintiff's digital legacy work. Defendant Coffey used Plaintiff's Nevada home address at 4201 Savoy Boulevard, Pahrump, Nevada, as her business address without written authorization or consent.

27. Defendant Coffey represented that she planned to obtain governmental and organizational support in Nevada to launch AI related services, including training programs and an AI based law related operation, despite having no authority to offer or engage in legal services in Nevada.

28. Defendant Coffey's statements and actions suggested an effort to position herself as affiliated with Plaintiff's law firm and advisor, even though no such affiliation existed and no authorization was ever granted.

29.   Defendant Coffey's business activities in Nevada included representing herself as an AI trainer and consultant who intended to operate programs funded through Nevada resources, while attempting to link such activities to Plaintiff and his advisor without their knowledge or consent.

30.   Plaintiff did not authorize Defendant Coffey to establish any business in Nevada on his behalf or to use his name, reputation, property, or address for any business purpose.

C. New York City Trip and Attempt of Predatory Power of Attorney

31.   In early June 2025, Defendant Coffey urged Plaintiff and his advisor to travel to New York City for what she described as a significant publicity opportunity. Defendant represented that Plaintiff would receive a special award from the Mayor of New York City at an event honoring Indian-American medical professionals.

32.   Defendant Coffey stated that her client, Mr. Nanda Bhagi, had arranged the award through contacts in the mayor's office and would introduce Plaintiff to a large group of wealthy individuals who would donate or invest at least one hundred thousand dollars each to support Plaintiff's book and digital legacy efforts.

33.   Relying on Defendant Coffey's representations, Plaintiff personally paid the complete cost of the trip for all participants, including Defendant Coffey, her consultant, and Plaintiff's advisor. These expenses included travel, lodging, meals, rental car, and incidental costs.

34.   On June 8, 2025, during the trip, Defendant Coffey arranged a private meeting between Plaintiff, his advisor, and Mr. Bhagi. At this meeting, Plaintiff and his advisor were presented with a stack of general durable power of attorney documents naming Mr. Bhagi as agent.

WAYNE v. COFFEY/KGU INTERNATIONAL

35.    These documents attempted to grant Mr. Bhagi nearly unrestricted control over Plaintiff's personal, financial, legal, and business affairs. The scope of authority described in the documents was extraordinarily broad and posed a serious risk to Plaintiff's property and autonomy.

36.    Plaintiff and his advisor were alarmed that such documents would be presented by an individual who had only recently met Plaintiff and who had been introduced through Defendant Coffey. Plaintiff's advisor removed the documents to prevent their misuse.

37.    Plaintiff experienced shock, fear, and severe emotional distress as a result of this incident. Plaintiff does not know whether Mr. Bhagi acted independently or whether he acted in coordination with Defendant Coffey.

38.    The New York trip produced no investors, no donors, no publicity, and no meaningful progress for Plaintiff. Instead, it exposed Plaintiff to predatory conduct and unnecessary risk that Defendant Coffey orchestrated or facilitated.

D. Florida Trip and Nonperformance

39.    At Defendant Coffey's urging, Plaintiff and his advisor undertook an extended trip to Florida from approximately June 18 through July 3, 2025. Defendant represented that this trip was essential to secure investors, donors, legal support, and media coverage for Plaintiff's book and digital legacy.

40.    Defendant Coffey, her children, and others resided in temporary accommodations in Florida that were funded primarily by Plaintiff, with additional support from Plaintiff's advisor and his wife. Plaintiff incurred lodging, meals, transportation, and incidental expenses totaling approximately ten thousand dollars for this period.

41.    Defendant Coffey directed Plaintiff and his advisor to attend meetings in Miami, Fort Lauderdale, and surrounding areas. Defendant represented that these meetings involved

potential investors, donors, and media partners who would support Plaintiff's digital

legacy and legal strategy.

42. Defendant Coffey repeatedly stated that these efforts would result in a fully developed

AI avatar, a functioning NFT marketplace, book promotion, and investor funding.

Defendant represented that the Florida trip would mark a significant step toward

generating revenue for Plaintiff and establishing Plaintiff's broader digital presence.

43. After more than three weeks and ten separate meetings arranged by Defendant, none of

the promised investors, donors, or media contacts materialized. Defendant provided no

verifiable leads, no meaningful technical output, and no progress toward the avatar or

NFT deliverables.

44. Defendant Coffey produced no viable work product during the Florida period.

Defendant's representations concerning her team, capabilities, and connections were

false and misleading, and Plaintiff relied on them to his detriment.

45. As a result of Defendant's misrepresentations, Plaintiff suffered financial loss, wasted

time, and reputational damage, and his trust was exploited during a period in which he

relied heavily on Defendant's claims of expertise and professional support.

E. Workforce Nevada, WIOA Representations, and Acquisition of Reliancelaw.net

46. On July 25, 2025, Defendant Coffey requested a meeting at the Workforce Nevada

office located at 2190 East Calvada Boulevard in Pahrump, Nevada. Plaintiff's advisor,

Charles A. Stigger, drove Defendant Coffey to the office and remained present during

the visit.

47. During the Workforce Nevada meeting, Defendant Coffey engaged staff members in

discussions about Workforce Innovation and Opportunity Act (WIOA) funding.

Defendant Coffey represented that Plaintiff's advisor and Plaintiff were eligible to

receive WIOA supported assistance through Nye County or Esmeralda County, including salary reimbursement for assistants and instructors.

48. Defendant Coffey made these representations on her own behalf. Neither Plaintiff nor Plaintiff's advisor requested such information, verified her claims, or applied for any WIOA funding. Defendant Coffey's statements were unauthorized and misleading.

49. Defendant Coffey registered herself and her business entities, including KGU International LLC and JC Coffey Foundation, Inc., with Workforce Nevada using Plaintiff's home address in Pahrump. Defendant Coffey did not request or receive permission to use Plaintiff's address for any business purpose.

50. Defendant Coffey's use of Plaintiff's address created a false appearance of affiliation with Plaintiff, his advisor, and Plaintiff's legal counsel. Plaintiff did not authorize any such affiliation and did not consent to Defendant's use of his name, identity, address, or law associated materials.

51. Defendant Coffey's conduct at Workforce Nevada demonstrates her intent to establish a Nevada business footprint for her personal entities while implying or asserting a connection to Plaintiff and his advisor. These actions were taken without knowledge or consent and were contrary to Plaintiff's interests.

52. On the day after the Workforce Nevada visit, Defendant Coffey acquired the expired domain name formerly associated with Plaintiff's attorney, known as reliancelaw.net. Defendant Coffey made this purchase without authorization from Plaintiff, Plaintiff's advisor, or Plaintiff's attorney, Rulon J. Huntsman, Esq.

53. Defendant's acquisition of the reliancelaw.net domain created a significant risk of confusion and misuse, including the possibility that Defendant could misrepresent an association with Plaintiff's attorney, solicit information, or conduct business activities under a domain historically connected to a Nevada law practice.

54.  Defendant's acts concerning the Workforce Nevada registration, the misuse of Plaintiff's address, and the acquisition of reliancelaw.net were taken solely on her own initiative and without any form of consent, approval, or authorization from Plaintiff or his advisor.

55.  Defendant Coffey's conduct caused Plaintiff fear, emotional distress, reputational harm, and risk of legal confusion, and required the preparation of declarations and remedial actions to correct the public record.

F. Introduction of Unvetted Individuals and Safety Concerns

56.  During Defendant Coffey's presence in Nevada, she introduced unvetted individuals into the residence of Plaintiff's advisor in North Las Vegas. One such individual was identified as Drake Paulsen, a person with whom Plaintiff and his advisor had no prior relationship and who was not expected or authorized to enter the home.

57.  Defendant Coffey brought or arranged the arrival of these individuals without notifying Plaintiff or his advisor in advance. Their presence caused Plaintiff and his advisor significant concern regarding personal safety, confidentiality, and the security of Plaintiff's sensitive historical materials.

58.  Plaintiff is a vulnerable senior who relies on trusted individuals for personal and professional matters. The sudden introduction of unknown persons into a private home disrupted Plaintiff's sense of safety and reflected disregard for Plaintiff's vulnerability and well being.

59.  Defendant Coffey made statements indicating that these individuals had been or would be involved in Plaintiff's digital legacy, AI development efforts, or business operations. These statements were false and misleading, and they were made without consultation or authorization.

60. Defendant Coffey's conduct created a substantial risk that confidential information, manuscripts, historical documents, and personal property could be accessed, compromised, or removed by individuals unknown to Plaintiff or his advisor.

61. The introduction of unvetted individuals further contributed to Plaintiff's emotional distress, fear, and concern for his personal and professional security. Plaintiff did not consent to their presence and did not authorize Defendant Coffey to bring any person into private residences occupied by Plaintiff or his advisor.

62. Defendant Coffey's actions were inconsistent with professional standards, breached Plaintiff's trust, and reinforced the pattern of reckless and unauthorized behavior described throughout this Complaint.

G. Harm, Losses, and Resulting Damages

63. As a direct result of Defendant Coffey's misrepresentations, unauthorized conduct, and reckless actions, Plaintiff suffered significant financial losses. Plaintiff expended substantial funds on travel, lodging, meals, rental cars, rideshare services, and other expenses in Nevada, Florida, and New York based on Defendant Coffey's false assurances of investors, donors, media coverage, and technical deliverables.

64. Plaintiff also sustained losses connected to Defendant Coffey's repeated claims that she would provide a functional AI avatar, NFT development, digital legacy platform, and marketing infrastructure. Defendant Coffey produced none of the promised work. Plaintiff received no deliverables, no usable technical output, no investor introductions, and no fundraising results despite weeks of travel and significant expenses.

65. Plaintiff and his advisor incurred additional costs in rearranging travel, securing lodging, and taking safety precautions after Defendant Coffey introduced unvetted

individuals into private residences and attempted to align herself with Plaintiff's legal and business activities without consent.

66. Defendant Coffey's misuse of Plaintiff's home address for Workforce Nevada registrations and business filings created a significant risk of legal confusion, government inquiries, and reputational harm. Plaintiff was required to prepare declarations and take corrective action to prevent misrepresentation of his identity and affiliation.

67. Defendant Coffey's unauthorized acquisition of the domain reliancelaw.net created a further risk that the public could be misled into believing she was connected to Plaintiff's attorney or that she possessed legal authority to act on behalf of Plaintiff or his law firm. This risk required immediate remedial steps and contributed to Plaintiff's emotional distress.

68. Plaintiff suffered severe emotional distress throughout the events detailed in this Complaint. As a ninety-one year old vulnerable adult, Plaintiff relies on trusted individuals for his safety and well being. Defendant Coffey's reckless behavior, false statements, and manipulative actions caused Plaintiff fear, anxiety, and substantial emotional harm.

69. Plaintiff's expenditures, losses, distress, and risks were the direct and foreseeable result of Defendant Coffey's fraudulent representations, negligent conduct, and intentional acts. These injuries entitle Plaintiff to compensatory damages, treble damages under NRS 41.1395 for elder exploitation, punitive damages, injunctive relief, and such other relief as the Court deems just and proper.

H. Defendant's Complete Failure to Perform

70. Defendant Coffey repeatedly represented that she possessed the technical infrastructure, personnel, and financial backing necessary to deliver a fully trained AI avatar of Plaintiff, a functioning NFT marketplace, a digital legacy platform, and media and investor outreach. Defendant made these representations to induce Plaintiff to provide access, trust, and financial support.

71. Defendant Coffey promised Plaintiff that she would build a digital avatar capable of representing Plaintiff in interviews, presentations, historical archiving, and public education. Defendant further represented that her AI team would train the avatar to respond in Plaintiff's voice, demeanor, and mannerisms.

72. Defendant Coffey also represented that she would create NFT based products tied to Plaintiff's historical documents, artwork, and recorded statements, and that these NFTs would generate revenue for Plaintiff's digital legacy.

73. Defendant Coffey promised that she would deliver branding materials, marketing packages, web infrastructure, investor decks, legal coordination, and media connections through which Plaintiff's book and digital legacy could be amplified to the public.

74. Defendant Coffey delivered none of these promised services. Defendant did not create a functional AI avatar. Defendant did not produce any NFT assets. Defendant did not provide any technical development, code, or infrastructure. Defendant did not deliver branding, marketing, investors, donors, or legal assistance of any kind.

75. Defendant Coffey failed to provide even basic work product that would evidence progress. There were no design documents, no development files, no avatar models, no blockchain integrations, no marketing drafts, no investor correspondence, and no verifiable technical or administrative output.

76. The only AI avatar ever shown to Plaintiff was a simple demonstration tool produced from a single still photograph at the Consumer Electronics Show in January 2025.

Defendant Coffey later admitted that this presentation was created by third party software and did not reflect any proprietary work or capability that Defendant possessed.

77. Defendant Coffey's repeated assurances that significant deliverables were imminent were false. Each date she provided for completion of the avatar, NFT marketplace, or investor commitments passed without results.

78. Defendant Coffey continued to request financial support, travel, meals, lodging, and professional access while producing no verifiable results. Her conduct resulted in significant financial loss and emotional harm to Plaintiff, who relied upon her repeated assurances.

79. Defendant Coffey's failure to perform was not the result of mistake or unforeseen circumstances. Defendant Coffey did not possess the technical capabilities, personnel, infrastructure, or relationships she claimed. Her representations were knowingly false when made and were intended to induce Plaintiff's reliance.

80. Plaintiff's trust was exploited at every stage of Defendant Coffey's involvement. Defendant generated no measurable progress, provided no meaningful product or service, and used Plaintiff's resources for personal benefit rather than for the purposes she represented.

81. Defendant Coffey's complete failure to perform, combined with her misuse of Plaintiff's personal address, acquisition of a domain historically associated with Plaintiff's attorney, and introduction of unvetted individuals into private residences, demonstrates a pattern of fraudulent, reckless, and harmful conduct requiring judicial intervention.

## V. CAUSES OF ACTION

-15-

**FIRST CAUSE OF ACTION: FRAUD**

(Against Defendant Joann Coffey)

82.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 81 as though fully set forth herein.

83.    Defendant Coffey knowingly made false representations of material fact to Plaintiff in Nevada, Florida, and New York between January and July 2025. These misrepresentations concerned her claimed technical capabilities, AI development infrastructure, NFT production abilities, nonprofit fundraising capacity, investor connections, legal support, and media access.

84.    Defendant Coffey represented to Plaintiff that she possessed a team of AI engineers and developers capable of producing a fully trained digital avatar of Plaintiff that would respond in Plaintiff's likeness, voice, and manner. Defendant Coffey did not possess such a team and had no ability to produce such an avatar.

85.    Defendant Coffey represented that she would produce NFTs based on Plaintiff's historical documents, artwork, and story, and that these NFTs would generate revenue. Defendant Coffey did not possess the technical capacity or marketplace resources to perform this work and produced no NFT assets.

86.    Defendant Coffey represented that she had connections to investors and donors who would contribute significant funds to Plaintiff's digital legacy and book promotion. Defendant Coffey presented no investors, no donors, and no verifiable communications with any such parties.

87.    87. Defendant Coffey represented that Plaintiff would receive media coverage, public recognition, and municipal honors, including an award from the Mayor of New York City. These statements were false and resulted in unnecessary travel expenses and exposure to predatory conduct.

88.  Defendant Coffey represented that she would coordinate legal, financial, and promotional support for Plaintiff's book, digital legacy, and historic contributions. Defendant Coffey provided none of these services and produced no work product.

89.  Defendant Coffey made these false representations knowingly and with the intent to induce Plaintiff to provide financial support, access, trust, and resources. Defendant Coffey intended that Plaintiff rely on her statements to fund Defendant's travel, lodging, meals, and personal activities.

90.  Plaintiff reasonably relied on Defendant Coffey's representations in agreeing to travel, in paying for expenses, and in granting Defendant access to Plaintiff's personal and professional affairs.

91.  As a direct and proximate result of Defendant Coffey's fraudulent misrepresentations, Plaintiff suffered financial losses, emotional distress, reputational harm, and other damages in an amount to be proven at trial.

92.  Defendant Coffey's conduct was malicious, fraudulent, and oppressive. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish Defendant and deter similar conduct.

**SECOND CAUSE OF ACTION: FRAUD IN THE INDUCEMENT**

(Against Defendant Joann Coffey)

93.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

94.  Defendant Coffey knowingly induced Plaintiff to enter into arrangements, commitments, travel plans, and financial expenditures by making false statements concerning her capabilities, resources, professional team, investor connections, fundraising abilities, and technical expertise.

95. Defendant Coffey induced Plaintiff to undertake a trip to New York City by representing that Plaintiff would receive a special award from the Mayor of New York City and would meet wealthy donors prepared to invest substantial funds in Plaintiff's projects. These statements were false, and Defendant Coffey knew they were false when she made them.

96. Defendant Coffey induced Plaintiff to fund a three week trip to Florida by representing that she would produce a trained AI avatar, NFT based products, investor outreach, legal coordination, and media opportunities. Defendant Coffey provided none of these deliverables and lacked the capacity to perform any of them.

97. Defendant Coffey induced Plaintiff and his advisor to attend meetings in Nevada, Florida, and New York by claiming she would provide critical infrastructure for Plaintiff's digital legacy, including coding, training systems, marketplace integration, and publicity. None of these outcomes materialized. Defendant Coffey did not possess the expertise or resources she described.

98. Defendant Coffey induced Plaintiff to provide personal trust, access, and confidential information by representing that she operated legitimate AI based companies and nonprofits with established operational support. In reality, Defendant Coffey did not have a functioning technical team, investor network, or infrastructure of any meaningful kind.

99. Defendant Coffey induced Plaintiff to fund meals, transportation, lodging, rideshare services, and various living expenses by repeatedly assuring Plaintiff that these expenditures would be offset by imminent investor funding or donor commitments. No such funding or commitments existed.

100. Defendant Coffey intended that Plaintiff rely on her misrepresentations. Plaintiff did in fact rely on these statements, and such reliance was reasonable given Defendant's repeated assurances, detailed narratives, and purported credentials.

101. As a direct and proximate result of Defendant Coffey's fraudulent inducement, Plaintiff suffered financial losses, emotional harm, wasted time, personal risk, and significant disruption of his professional and personal life.

102. Defendant Coffey's conduct demonstrates willful deception and reckless disregard for Plaintiff's rights. Plaintiff is entitled to compensatory damages, punitive damages, and all other relief the Court deems just and proper.

**THIRD CAUSE OF ACTION: BREACH OF CONTRACT**

(Against Defendant Joann Coffey)

103. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 102 as though fully set forth herein.

104. Between January and July 2025, Plaintiff and Defendant Coffey entered into oral and implied agreements under which Defendant Coffey agreed to perform specific services for Plaintiff. These services included: development of a trained AI avatar of Plaintiff, creation of a digital legacy platform, development of NFT based digital assets, coordination of investor outreach and fundraising, preparation of media and promotional materials, and support for Plaintiff's historic and literary work.

105. In exchange for these promised services, Plaintiff agreed to, and did, provide Defendant Coffey with financial support in the form of travel, lodging, meals, transportation, and living expenses. Plaintiff also provided access to historical materials, manuscripts, and strategic planning that Defendant Coffey claimed she needed to complete the work.

106. Plaintiff performed all obligations required under the parties' agreements. Plaintiff funded Defendant Coffey's travel to Nevada, Florida, and New York, covered Defendant's living expenses, attended meetings Defendant arranged, and provided time, access, and participation for all planned projects.

107. Defendant Coffey materially breached the agreements by failing to perform the services she promised. Defendant Coffey did not produce a functional AI avatar, did not create NFT based products, did not deliver a digital legacy platform, did not secure any investors or donors, and did not provide any media outreach or legal coordination as promised.

108. Defendant Coffey also breached the agreements by engaging in unauthorized activity that undermined Plaintiff's interests, including misuse of Plaintiff's address, attempts to establish Nevada business affiliations, misrepresentation of her capabilities, and acquisition of a domain historically associated with Plaintiff's attorney.

109. Defendant Coffey's breaches were substantial and went to the heart of the agreements. Plaintiff received none of the services, deliverables, or results Defendant Coffey promised and relied upon.

110. As a direct and proximate result of Defendant Coffey's breaches, Plaintiff suffered financial damages, emotional harm, wasted time, and disruption of his personal and professional affairs. Plaintiff is entitled to compensatory damages and all relief available under Nevada contract law.

**FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT**

(Against Defendant Joann Coffey)

111. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 110 as though fully set forth herein.

112. Between January and July 2025, Plaintiff provided substantial financial support to Defendant Coffey, including travel expenses, lodging, meals, rideshare services, rental vehicles, living costs, meeting expenses, and other forms of financial assistance. Plaintiff also provided valuable time, trust, access, and historical materials.

113. Defendant Coffey accepted and retained these benefits with knowledge that Plaintiff conferred them in reliance on Defendant's representations that she would perform significant work for Plaintiff, including development of a trained AI avatar, NFT based digital assets, media outreach, investor coordination, and promotional activities for Plaintiff's book and digital legacy.

114. Defendant Coffey did not perform any of the promised services. Defendant provided no functioning AI avatar, no NFT assets, no technical work product, no investor or donor introductions, no media outreach, and no operational support of any kind.

115. Defendant Coffey retained all financial benefits and personal advantages she received from Plaintiff without delivering any corresponding value. Defendant used Plaintiff's funds for her own benefit while failing to produce the work she repeatedly promised.

116. Defendant Coffey's acceptance and retention of these benefits without providing any performance is inequitable and constitutes unjust enrichment. Defendant Coffey's retention of money, services, and benefits belonging to Plaintiff would result in injustice if not returned.

117. As a direct and proximate result of Defendant Coffey's unjust enrichment, Plaintiff has suffered financial losses in an amount to be proven at trial. Plaintiff is entitled to restitution, disgorgement of funds, and all other equitable relief the Court deems proper.

**FIFTH CAUSE OF ACTION: ELDER EXPLOITATION (NRS 41.1395)**

(Against Defendant Joann Coffey)

118. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 117 as though fully set forth herein.

119. Plaintiff Ronald G. Wayne is a ninety-one year old adult and is a vulnerable person within the meaning of Nevada Revised Statutes section 41.1395. Plaintiff relies on trusted individuals for assistance with travel, logistics, business matters, and personal affairs.

120. Between January and July 2025, Defendant Coffey knowingly and intentionally exploited Plaintiff's age, vulnerability, trust, and reliance. Defendant repeatedly misrepresented her capabilities, credentials, resources, and intentions in order to obtain financial support, professional access, and personal benefits.

121. Defendant Coffey induced Plaintiff to fund extensive travel, lodging, meals, transportation, and living expenses. Defendant did so by falsely stating that she would provide critical services for Plaintiff's digital legacy, AI development, investor outreach, and book promotion.

122. Defendant Coffey exploited Plaintiff during interstate travel by directing meetings with individuals who attempted to secure legal and financial control over Plaintiff through power of attorney documents. Defendant's involvement created a serious risk to Plaintiff's autonomy, finances, and personal safety.

123. Defendant Coffey further exploited Plaintiff by using Plaintiff's home address without consent for Workforce Nevada filings, implying affiliation with Plaintiff's legal advisor, and acquiring a domain historically associated with Plaintiff's attorney. These actions created confusion, reputational harm, and legal risk for Plaintiff.

124. Defendant Coffey placed Plaintiff in unsafe or distressing situations by introducing unvetted individuals into private residences occupied by Plaintiff or his advisor, disregarding Plaintiff's vulnerability and exposing him to unnecessary fear and emotional distress.

125. Defendant Coffey's actions were deliberate, reckless, and harmful. Her conduct deprived Plaintiff of property, money, security, and emotional well-being, all while providing no benefit or deliverable of any kind.

126. As a direct result of Defendant Coffey's conduct, Plaintiff suffered financial loss, fear, anxiety, emotional distress, and loss of personal security. Plaintiff is entitled to all remedies provided by NRS 41.1395, including compensatory damages, punitive damages, treble damages, and attorneys' fees.

127. Defendant Coffey's conduct warrants enhanced statutory damages because the exploitation was knowing, repeated, and occurred across multiple states while Plaintiff was dependent on Defendant's representations.

**SIXTH CAUSE OF ACTION: COUNT 6: CONVERSION**

(Against Defendant Joann Coffey)

128. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 127 as though fully set forth herein.

129. Conversion occurs when a defendant intentionally interferes with the personal property, assets, or rights of another in a manner inconsistent with the rightful owner's control. Defendant Coffey intentionally exercised dominion over property and rights belonging to Plaintiff without authorization.

130. Defendant Coffey used Plaintiff's home address at 4201 Savoy Boulevard, Pahrump, Nevada, to establish her own business presence and to register her entities with Workforce Nevada. Defendant Coffey did so without Plaintiff's knowledge or consent.

131. Defendant Coffey acquired the expired domain name historically associated with Plaintiff's attorney, reliancelaw.net, without authorization and with knowledge that the domain had been used professionally by Plaintiff's counsel. Defendant Coffey's acquisition created a risk of public confusion and unauthorized implication of legal authority.

132. Plaintiff had the right to exclusive control over the use of his address, identity, and the domain associated with legal services rendered for him. Defendant Coffey's actions intentionally deprived Plaintiff of these rights and placed him at risk of misrepresentation and reputational harm.

133. Defendant Coffey also exercised control over Plaintiff's financial resources by directing travel, lodging, and living expenses for her own benefit while providing no promised deliverables. Although Plaintiff voluntarily paid certain expenses, Defendant Coffey's misleading conduct induced expenditures that were involuntary in nature and contrary to Plaintiff's interests.

134. Defendant Coffey's use of Plaintiff's personal identifiers, address, and associated legal domain was inconsistent with Plaintiff's rights and served no legitimate purpose for Plaintiff. Defendant Coffey acted solely for her own personal advantage.

135. As a direct and proximate result of Defendant Coffey's acts of conversion, Plaintiff suffered financial loss, risk of legal exposure, emotional distress, and harm to his reputation. Plaintiff is entitled to damages, punitive damages, and such other relief as the Court deems just and proper.

**SEVENTH CAUSE OF ACTION: DECLARATORY RELIEF**

(Against Defendant Joann Coffey)

136.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 135 as though fully set forth herein.

137.  An actual and substantial controversy exists between Plaintiff and Defendant Coffey regarding Defendant Coffey's unauthorized use of Plaintiff's name, address, identity, reputation, and the domain name reliancelaw.net. Defendant Coffey's conduct has created confusion, risk of misrepresentation, and the potential for harm to Plaintiff and the public.

138.  Plaintiff contends that Defendant Coffey has no authority to use Plaintiff's personal address, identity, likeness, historical materials, legal associations, business identity, or domain names connected to Plaintiff or Plaintiff's counsel. Plaintiff further contends that Defendant Coffey has no authority to present herself as affiliated with Plaintiff, his advisor, or any of Plaintiff's business or legal activities.

139.  Defendant Coffey's conduct suggests that she believes she is permitted to use or retain Plaintiff's address and the domain reliancelaw.net, and that she may continue to engage in activities implying an affiliation with Plaintiff or his attorney. Plaintiff seeks clarification of these rights to prevent ongoing and future harm.

140.  Plaintiff therefore seeks a judicial declaration that:

a. Defendant Coffey has no legal authority to use Plaintiff's address, identity, likeness, or personal identifiers for any purpose;

b. Defendant Coffey has no authority to use the domain name reliancelaw.net or any

    domain reasonably associated with Plaintiff or his counsel;

c. Defendant Coffey has no authority to present herself as affiliated with Plaintiff, his

    advisor, his legal counsel, or any related business or personal matters; and

d. Any past use of Plaintiff's identity, address, or associated legal materials was

    unauthorized and improper.

141.  Declaratory relief is necessary and proper because Defendant Coffey's actions create

    a continuing and immediate risk of harm that cannot be resolved without a

    determination of the parties' respective rights and obligations.

142.  Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C.sections 2201 and

    2202 and all other applicable authority.

**EIGHTH CAUSE OF ACTION: RESCISSION OF CONTRACT**

(Against Defendant Joann Coffey)

143.  Plaintiff realleges and incorporates by reference the allegations contained in

    paragraphs 1 through 142 as though fully set forth herein.

144.  Between January and July 2025, Plaintiff and Defendant Coffey entered into oral and

    implied agreements concerning the development of an AI avatar, digital legacy

    platform, NFT based products, and promotional and investor outreach services. These

    agreements were formed on the basis of Defendant Coffey's representations about her

    capabilities, resources, and expertise.

145. Defendant Coffey's representations were false when made. Defendant did not possess the technical infrastructure, personnel, investors, or resources she claimed. Defendant Coffey had no ability to perform the services she promised to Plaintiff.

146. Plaintiff justifiably relied on Defendant Coffey's misrepresentations when entering the agreements. Plaintiff funded Defendant's travel, lodging, meals, transportation, and living expenses, and provided personal access and confidential information in reliance on Defendant's statements.

147. Defendant Coffey's fraudulent inducement, failure to perform, misuse of Plaintiff's address, and acquisition of a domain associated with Plaintiff's attorney constitute substantial breaches of the agreements and defeat their purpose.

148. Plaintiff received no meaningful performance from Defendant Coffey. No AI avatar was produced, no NFT marketplace or digital assets were created, no investor or donor contacts were secured, and no media or promotional work was delivered.

149. Defendant Coffey's conduct was so fundamentally misleading and inconsistent with her contractual promises that rescission is required to restore the parties to their original positions and prevent further injustice.

150. Plaintiff seeks rescission of all agreements, whether oral or implied, entered into with Defendant Coffey between January and July 2025.

151. Plaintiff further seeks restitution of all funds expended in reliance on Defendant Coffey's false representations, together with all appropriate equitable relief.

**NINTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(Against Defendant Joann Coffey)

152. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 151 as though fully set forth herein.

153. Defendant Coffey engaged in extreme and outrageous conduct that exceeded all bounds of decency tolerated in a civilized society. Defendant Coffey's conduct included fraud, exploitation of a ninety one year old vulnerable adult, misuse of Plaintiff's address and identity, attempted alignment with Plaintiff's legal counsel, introduction of unvetted individuals into private residences, and reckless disregard for Plaintiff's safety and emotional well being.

154. Defendant Coffey orchestrated travel and meetings that placed Plaintiff in distressing and unsafe situations, including a meeting where power of attorney documents were presented by an unfamiliar individual who sought expansive control over Plaintiff's financial, legal, and personal affairs.

155. Defendant Coffey repeatedly misrepresented her intentions, capabilities, and affiliations in a manner designed to gain Plaintiff's trust while concealing her lack of expertise, infrastructure, and resources.

156. Defendant Coffey's conduct caused Plaintiff fear, anxiety, shock, and vulnerability. As a ninety one year old adult, Plaintiff is particularly susceptible to emotional distress that arises from deception, exploitation, and safety threats.

157. Defendant Coffey acted intentionally or with reckless disregard for the probability that her conduct would cause severe emotional harm to Plaintiff. Defendant Coffey knew, or should have known, that her actions would destabilize Plaintiff emotionally and expose him to significant distress.

158. Plaintiff experienced severe emotional distress, including fear, loss of security, stress, anxiety, and a profound sense of betrayal. Plaintiff's distress was serious, enduring, and directly caused by Defendant Coffey's conduct.

159. Defendant Coffey's actions were willful, malicious, fraudulent, and taken with conscious disregard for Plaintiff's rights and safety. Plaintiff is entitled to compensatory damages, punitive damages, and all other relief permitted under Nevada law.

**TENTH CAUSE OF ACTION: CIVIL CONSPIRACY**

(Against Defendant Joann Coffey and Does 1–10)

160. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 159 as though fully set forth herein.

161. Defendant Coffey acted in concert with one or more individuals, including but not limited to Nanda Bhagi, Drake Paulsen, and other unidentified persons, to engage in conduct that harmed Plaintiff. Defendant Coffey's coordination with these individuals formed an agreement or understanding to commit unlawful acts or to commit lawful acts by unlawful means.

162. The overt acts taken in furtherance of the conspiracy included:

a. Arranging meetings in which predatory power of attorney documents were presented to Plaintiff;

b. Introducing unvetted individuals into private residences occupied by Plaintiff or his advisor;

c. Using Plaintiff's address to establish business filings with Workforce Nevada;

d. Acquiring a domain historically associated with Plaintiff's attorney;

e. Misrepresenting affiliations, capabilities, resources, and intentions; and

f. Exploiting Plaintiff's age, vulnerability, and trust.

163. Defendant Coffey and her co-participants shared a common design and understanding that their conduct would benefit Defendant Coffey and cause harm, confusion, or loss to Plaintiff.

164. Defendant Coffey encouraged, facilitated, or cooperated with others whose participation furthered the harmful conduct described in this Complaint. The identities of additional participants are presently unknown and are designated as Does 1 through 10.

165. As a direct and proximate result of the conspiracy, Plaintiff suffered financial loss, emotional distress, safety risks, reputational harm, and disruption to his personal and professional affairs.

166. Defendant Coffey's participation in the conspiracy was willful, malicious, and undertaken with conscious disregard for Plaintiff's rights. Plaintiff is entitled to damages, punitive damages, and any other relief the Court deems just and proper.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ronald G. Wayne respectfully prays for judgment in his favor and against Defendant Joann Coffey, and requests that the Court grant the following relief:

a. Compensatory damages in an amount to be proven at trial;

b. Treble damages pursuant to NRS 41.1395 for exploitation of an elderly or vulnerable person;

c. Restitution of all funds expended by Plaintiff for Defendant Coffey's benefit;

d.   Disgorgement of all benefits Defendant Coffey obtained as a result of her fraudulent and wrongful conduct;

e.   Punitive damages sufficient to punish Defendant Coffey and deter similar misconduct;

f.   A declaratory judgment establishing that Defendant Coffey has no authority to use Plaintiff's name, identity, likeness, address, or any domain or material associated with Plaintiff or Plaintiff's attorney;

g.   A mandatory injunction requiring Defendant Coffey to relinquish and transfer to Plaintiff or his designee any domain name purchased or used by Defendant Coffey that is associated with Plaintiff, including reliancelaw.net;

h.   A permanent injunction prohibiting Defendant Coffey from presenting herself as affiliated with Plaintiff, his advisor, or his attorney, and prohibiting her from using Plaintiff's personal identifiers in any capacity;

i.   Costs of suit, including attorneys' fees where authorized by law;

j.   Prejudgment and post judgment interest; and

k.   Such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

167.  Plaintiff demands a trial by jury on all issues so triable under federal

DATED: December 3, 2025

**By:**

    ***/s/ Rulon J. Huntsman***
    **Rulon J. Huntsman, Esq.**
    Attorney for Plaintiff, Ronald G. Wayne
    Nevada Bar No. 968
    Reliance Law Firm, LLC
    2325 Burnham Avenue
    Las Vegas, Nevada 89104
    Phone: (702) 300 0928
    Email: rulon.huntsman@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD G. WAYNE, an individual and one of the original co-founders of the Apple Computer Company, | )<br>)<br>)<br>)  Case No.:<br>) |
| Plaintiff(s), | )<br>) |
| vs. | )<br>) |
| JOANN COFFEY, an individual;<br>KGU INTERNATIONAL LLC, a Florida Foreign LLC; and<br>KGU INTERNATIONAL LLC, a Wyoming Domestic LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant(s). | )<br>) |

<u>**DECLARATION OF RONALD G. WAYNE**</u>

**IN SUPPORT OF COMPLAINT,**
**EMERGENCY MOTION FOR EXPEDITED HANDLING,**
**APPLICATION FOR TRO,**
**AND MOTION FOR PRELIMINARY INJUNCTION**

I, **Ronald Gerald Wayne**, declare as follows:

1. I am the Plaintiff in this action. I am over eighteen years of age. I make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the facts stated here.

2. I reside in Pahrump, Nevada. I am ninety one years old. I am one of the original co founders of the Apple Computer Company.

3. I spent my life as an engineer, designer, technical writer, and inventor. My historical papers and documents from the early Apple era are irreplaceable.

4. At my age I am vulnerable to emotional distress and manipulation, and I rely on a small circle of trusted individuals to protect my well being.

5. My closest friend and personal advisor is **Charles A. Stigger**, who has been central in protecting my interests.

6. I have read my complaint and support points herein.

7. I make this declaration to support my Complaint, my request for expedited handling, my request for a Temporary Restraining Order, and my request for a Preliminary Injunction.

8. Everything stated here is true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 28, 2025, at Pahrump, Nevada.

*/s/ Ronald G. Wayne*
**Ronald Gerald Wayne**
Plaintiff\