**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ronald G. Wayne,

Plaintiff,

v.

Joann Coffey, an individual; KGU International LLC, a Florida Foreign LLC; KGU International LLC, a Wyoming Domestic LLC; JC Coffey Foundation, INC., a Florida Domestic Nonprofit Corporation,

Defendant(s).

Case No. 2:25-cv-02401-JAD-BNW

**ORDER**

Presently before this Court is pro se Defendant Joann Coffey's motion for appointment of counsel. ECF No. 80. This Court previously addressed Defendants KGU International, LLC's and JC Coffey Foundation's motions for appointment of counsel. ECF Nos. 79 and 81. Both motions were denied. ECF No. 90. This Court now addresses Defendant Coffey's request for counsel.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of

these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

This Court finds that Coffey has not demonstrated the exceptional circumstances required for the appointment of an attorney. *Wilborn*, 789 F.2d at 1331. While Coffey addresses both prongs of the required exceptional circumstances test, neither prong is satisfied. As to the first prong, Coffey addresses the likelihood of success on the merits, but her allegations are conclusory. Additionally, given that discovery is not yet complete, it is too early in the litigation to establish a likelihood of success on the merits.

As to the second prong, Coffey's various motions demonstrate that she is capable of clearly articulating her claims without an attorney despite the complexity of the legal issues involved. She has filed well over a dozen motions requesting various forms of relief, all of which speak to Coffey's abilities and her understanding of the litigation process. Although this Court notes Coffey's argument that she is "severely disadvantaged" in comparison to Plaintiff, both the inability to afford an attorney and the opposing party's representation are common obstacles pro se litigants face, and do not rise to the level of exceptional circumstances.[1] Furthermore, neither indigency nor the opposing party's representation is part of the test this Court considers when determining the appointment of counsel.

In addition, Coffey asserts that the exceptional circumstances are elevated due to alleged duress and threats from Plaintiff's caregiver. This Court sympathizes with Coffey's situation, but any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). So long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* As a result, her request is denied without prejudice and can be renewed after discovery is complete, if applicable.

---

[1] This Court also notes that Plaintiff is proceeding pro se. ECF No. 70 at 1.

**IT IS THEREFORE ORDERED** that Defendant Joann Coffey's motion (ECF No. 80) **DENIED** without prejudice.

DATED: September 17, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE