**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Ronald Wayne,<br>Plaintiff,<br>v.<br>Joan Coffey, et al.,<br>Defendants. | Case No. 2:25-cv-02401-JAD-BNW<br>**ORDER** |

Before this Court is pro se Plaintiff Ronald G. Wayne's Motion for Leave to File Second Amended Complaint. ECF No. 91. Defendant Joann Coffey, who also appears pro se, opposed and Wayne replied. ECF Nos 97, 101. The parties are familiar with the allegations underlying this dispute and arguments presented in the instant motion. As a result, this Court only incorporates them as relevant to its Order. As explained in detail below, this Court will grant Plaintiff's motion.

## I. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The party opposing amendment bears the burden of showing why leave should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather

than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, No. 2:15-cv-00408-JAD-NJK, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

## II. ANALYSIS

Coffey raises several arguments. She contends that amendment is futile because (1) signed agreements authorized the conduct Wayne challenges, (2) the amendment is barred by unclean hands and estoppel, (3) that corporate and nonprofit records disprove Wayne's elder-exploitation theory, and (4) venue is improper. Coffee also argues there is undue delay, and prejudice.

As a threshold matter, Coffey styles her opposition as "Defendants'" opposition and makes arguments on behalf of KGU International and the Foundation. *See id.* at 1, 3, 5–6. But Coffey appears pro se, and this Court has already reminded the entity Defendants that they may appear only through licensed counsel. ECF No. 90; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). This Court therefore construes ECF No. 97 as Coffey's individual opposition.

**A. Futility**

Most of Coffey's opposition asks this Court to accept her version of events, which Wayne disputes. This Court will not resolve disputed facts (including whether the agreements authorized the uses Wayne challenges, whether he was induced to sign them, and whether Defendants performed) on a motion for leave to amend. Coffey's exhibits may ultimately support her defense, but they do not show that Wayne "can prove no set of facts" that would constitute a valid and sufficient claim. *Barahona*, 881 F.3d at 1134. Coffey's arguments, to the extent she wishes to pursue them, are better developed through a motion to dismiss or a motion for summary judgment. *Steward*, 2015 WL 6123202, at *2.

**B. Remaining Factors**

Coffey's remaining arguments also do not justify denying leave. There is no undue delay: Wayne filed before the amendment deadline and one day after Coffey's filings that prompted the revisions. ECF Nos. 68, 91. Nor has Wayne repeatedly failed to cure deficiencies. And Coffey identifies no prejudice beyond the ordinary burden of responding to an amended pleading.

As for bad faith, Coffey's arguments rest mainly on alleged out-of-court conduct by Stigger, a nonparty, and on her assertion that Stigger is ghostwriting Wayne's filings. These are serious allegations. But they are the subject of Coffey's separately filed motion for sanctions, on which this Court expresses no view here, and they do not show that Wayne seeks this amendment for an improper purpose.

In short, Coffey has not carried her burden of showing that leave should be denied. *DCD Programs*, 833 F.2d at 187. This Court grants Wayne's motion.

**III. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 91) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must file within 14 days the same amended complaint that he proposed at ECF No. 91-1 but make the necessary changes to reflect (consistent with the Court's order at ECF No. 112) that Defendants KGU International LLC and

KGU International LLC are one Defendant.

**IT IS FURTHER ORDERED** that the response to the amended complaint will be due no later than 14 days after service of the amended pleading.

DATED this 7th day of October 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE