**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ronald Wayne

Plaintiff,

v.

Joan Coffey, et al.,

Defendants.

Case No. 2:25-cv-02401-JAD-BNW

**ORDER**

Before this Court is Defendant Joann Coffey's Emergency Petition for Protective Order. ECF No. 98. Also before this Court is Plaintiff Ronald G. Wayne's request to accept the late filing of his opposition (ECF No. 105). Lastly, Defendant Coffey filed a request for a hearing at ECF No. 118.

**I. Plaintiff's Request to Accept Late Opposition**

When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); LR IA 6-1. Whether neglect is excusable turns on the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This Court finds that Plaintiff has shown good cause and excusable neglect. The request is granted, and this Court considers Plaintiff's opposition (ECF No. 105-1) in resolving Defendant's petition.

**II. Request for Hearing**

This Court may decide motions with or without a hearing. Local Rule 78-1. This Court finds that a hearing is not necessary to resolve the petition. The request for a hearing (ECF No. 118) is denied.

//

//

**III. Protective Order**

Under Federal Rule of Civil Procedure 26(c)(1), the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The party seeking protection bears the burden of showing specific prejudice or harm will result if no order is granted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Plaintiff disputes Defendant's characterization of the allegations. He contends that the "lights out" message, read in context, referred to ending a business relationship, not to physical harm. He also contends that he never threatened any physical harm against Defendant or her children. Based on the messages Defendant relies on, the record appears to support Plaintiff's account.

At bottom, Defendant has not shown that the Court has authority to grant the relief she seeks. Rule 26(c) governs discovery. It allows the court to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense in the discovery process. It does not, on its own, authorize the court to restrain a non-party's communications outside that process. And Defendant provides no other points and authorities establishing the basis on which this Court could enjoin a non-party, Charles A. Stigger, from engaging in conduct that may be protected by the First Amendment.

Lastly, Defendant also invokes the Crime Victims' Rights Act, 18 U.S.C. § 3771. The Act does not apply here. It secures rights for crime victims in proceedings involving the prosecution of a federal offense, and those rights are asserted in the court in which the defendant is being prosecuted. 18 U.S.C. § 3771(b)(1), (d)(3). This is a civil case.

**IV. Sealing**

It is unclear which address Defendant asks this Court to seal. The docket reflects one address for Defendant, and her motions list another. In any event, both addresses are already publicly available. Defendant has also provided no points and authorities supporting sealing. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). This Court will reconsider this request if Defendant files a motion supported by points and authorities.

**V. Stay and Appointment of Counsel**

Defendant has already made this request. ECF No. 103. She provides no additional reasons for this Court to consider her request. As a result, her request is denied and the case is not stayed.

**VI. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's request to accept the late filing of his opposition (ECF No. 105) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to detach ECF No. 105-1 and file it separately on the docket as Plaintiff's opposition to ECF No. 98, linked to ECF No. 98.

**IT IS FURTHER ORDERED** that the request for a hearing (ECF No. 118) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Emergency Petition (ECF No. 98) is **DENIED**. The denial is without prejudice as to the request for sealing.

DATED: October 8, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE